IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHEHZAD JOHN,<br><br>                    Petitioner,<br><br>          v.<br><br>DAVID ORTIZ,<br><br>                    Respondent. | Civil Action<br>No. 19-4408 (RBK)<br><br>**OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner is a federal prisoner formerly incarcerated at FCI Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Respondent filed an Answer opposing relief (ECF No. 4), and Petitioner did not file a reply. For the reasons set forth below, the Court will deny the Petition.

I. BACKGROUND

This case arises from a disciplinary hearing during Petitioner's incarceration at FCI Ashland, in Ashland Kentucky, prior to his transfer to FCI Fort Dix. On July 22, 2017, a prison official found a cell phone in Petitioner's locker, within Petitioner's cell. At the time, Petitioner was in the cell, and the BOP had assigned no other inmates to that cell.

Later that same day, officials issued an incident report charging Petitioner with possession of a hazardous tool, in violation of Bureau of Prisons Code 108,[1] delivered the report to Petitioner,

---

[1] Code 108 prohibits the "[p]ossession, manufacture, introduction, or loss of a hazardous tool (tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade, body armor, maps, handmade rope, or other escape paraphernalia, portable telephone, pager, or other electronic device)." 28 C.F.R. § 541.3 (Table 1). "Aiding, attempting, abetting, or making plans to commit any of the prohibited acts is treated the same as committing the act itself." *Id*. at § 541.3(a).

and advised him of his rights. Petitioner did not request any witnesses or a staff representative. According to the investigating officer, Petitioner indicated that he understood his rights, and stated "it is mine. They found it in my cell. I take responsibility for it." (ECF No. 4-3, at 20).

The investigating official referred the incident report to the Unit Discipline Committee ("UDC"). On July 24, 2017, the UDC held an initial hearing. After the hearing, the UDC referred the incident report to a Discipline Hearing Officer ("DHO"). Petitioner received a notice of disciplinary hearing, and officials advised him of his rights. Petitioner signed an acknowledgement of those rights and indicated that he did not want to have a staff representative or to call any witnesses.

On July 27, 2017, the DHO held a hearing and again advised Petitioner of his rights. Petitioner confirmed that he did not want a staff representative and did not wish to call any witnesses. According to the DHO, the DHO read the incident report and asked Petitioner if the contents, including his confession were true. In response, Petitioner delivered a similar confession, testifying that "they found it in my locker. I take responsibility for it." (ECF No. 4-3, at 26).

The DHO considered Petitioner's statements in reaching a decision, as well as the incident report, and photographic evidence of the phone. Apart from the confessions, the DHO also considered that the investigating officer found the phone in Petitioner's assigned locker, which was located in a cell with only one assigned inmate—the Petitioner.

After considering all of the evidence, the DHO concluded that Petitioner committed the act of possession of a dangerous tool, in violation of Code 108. The DHO then issued the following sanctions: (1) revocation of 41 days of good conduct time; (2) disciplinary segregation of 30 days; and (3) loss of phone and visiting privileges for one year.

Petitioner received a copy of the DHO report on or about November 6, 2017, after arriving at FCI Fort Dix.  Petitioner appealed to the Regional and Central Offices, arguing that officials had mischaracterized his statements.  According to Petitioner, as to his second alleged confession at the DHO hearing, he "never admitted to having a cell phone in [his] possession.  [He] stated to the DHO that they found the contraband in [his] locker.  [He] never stated that [he] would take responsibility for the charged conduct."  (ECF No. 4-3, at 6).  At each level of appeal, Petitioner received a denial.

Petitioner then filed the instant Petition, appearing to argue that he was not in possession of the cell phone because other individuals might have had access to his locker, which was in a "common area." (ECF No. 1-1, at 1).  Notably, Petitioner does not appear to challenge his two confessions.  Respondent filed an Answer (ECF No. 4), and Petitioner did not file a reply.

## II.    STANDARD OF REVIEW & JURISDICTION

Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976).  Courts must construe *pro se* habeas petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v. Hahn,* 151 F.3d 116, 118 (3d Cir. 1998).

If the Court does not dismiss the petition at the screening stage, the Court "must review the answer, any transcripts and records . . . to determine whether" the matter warrants an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to proceedings under § 2241 by Rule 1(b)).  "Whether to order a hearing is within the sound discretion of the trial court," and depends on whether the hearing "would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000); *States v. Friedland*, 879 F. Supp. 420, 434 (D.N.J. 1995) (applying the § 2255 hearing standard to a § 2241 petition), *aff'd*, 83 F.3d 1531 (3d Cir. 1996).

Where a petitioner fails to identify evidence outside the record that would support or "otherwise . . . explain how . . . an evidentiary hearing" would advance his claim, a court is within its discretion to deny an evidentiary hearing. *Campbell*, 209 F.3d at 287. In exercising that discretion, a court must accept the truth of a petitioner's factual allegations unless the record shows that they are clearly frivolous. *Friedland*, 879 F. Supp. at 434; *c.f. United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015).

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." *Lee v. Stickman,* 357 F.3d 338, 342 (3d Cir. 2004) (quoting *Maleng v. Cook,* 490 U.S. 488, 490–91 (1989)).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the loss of good conduct time on constitutional grounds and he was incarcerated in New Jersey at the time he filed the Petition. *See Woodall v. Fed. Bureau of Prisons,* 432 F.3d 235, 242–44 (3d Cir. 2005).

### III. DISCUSSION

Petitioner appears to argue that he was not in possession of the cell phone because other individuals might have had access to his locker, since it was in a "common area." (ECF No. 1-1, at 1). Once again, the Petition does not appear to address either of Petitioner's confessions. In response, Respondent maintains that Petitioner received all the required due process protections, and that in any event, there is "some evidence" to support the DHO's findings and decision.

Under our jurisprudence, before a prisoner may lose good time credits, officials must afford him the following due process protections: (1) a written notice of the charges at least twenty-four hours prior to a hearing; (2) an opportunity to call witnesses and present evidence in his defense;

4

(3) an opportunity to receive assistance from an inmate representative; (4) a written statement of the evidence relied on and the reasons for the disciplinary action; and (5) an appearance before an impartial decision making body. *See Crosby v. Piazza,* 465 F. App'x 168, 171–72 (3d Cir. 2012) (per curiam) (citing *Wolff v. McDonnell,* 418 U.S. 539, 563–71 (1974)). Petitioner does not appear to contest that he received these due process protections.

Additionally, in order to comport with due process, there must be "some evidence in the record" to support a disciplinary officer's findings and decision to revoke good time credits. *Gonzalez v. Hollingsworth*, No. 15-2993, 2016 WL 1732376, at *2 (D.N.J. May 2, 2016) (quoting *Denny v. Schultz*, 708 F.3d 140, 144 (3d Cir. 2013)). The "some evidence" standard is one of appellate review and is not the same as the "burden of proof in a prison disciplinary proceeding." *Id*.

Indeed, the "some evidence" standard is "minimal and does not require examination of the entire record, an independent assessment of the credibility of the witnesses, or a weighing of the evidence." *Lang v. Sauers*, 529 F. App'x 121, 123 (3d Cir. 2013) (citing *Thompson v. Owens*, 889 F.2d 500, 502 (3d Cir. 1989)). Instead, "the relevant inquiry asks whether 'there is any evidence in the record that could support'" the disciplinary official's conclusion. *Id*. (quoting *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985).

In the present case, the DHO considered, among other things, the investigating officer's report, photographic evidence of the phone, and Petitioner's statements both at the DHO hearing and to the investigating officer on the day of the search. In particular, the DHO considered Petitioner's confessions both to the investigating officer *and* at the DHO hearing.

Even without the confessions, the investigating officer stated that he found the contraband in Petitioner's locker. That locker was in Petitioner's cell, which, at the time, only had one

assigned inmate—the Petitioner. Indeed, Petitioner concedes that the phone was found in *his* locker. (ECF No. 4-3, at 6). The Petition does not contest this particular evidence—or Petitioner's confessions—and thus, Petitioner has "failed to show that the DHO's decision lacked 'some evidence'" to support his findings. *See Burns v. Hollingsworth*, No. 13-5485, 2014 WL 1117932, at *2 (D.N.J. Mar. 20, 2014).

Consequently, whether other people had access to Petitioner's locker or whether the locker was secured, do not change the conclusion that the DHO had "some evidence" to arrive at his decision. *Id.*

Ultimately, Petitioner asks the Court to reweigh the evidence, and credit his *implied* theory that the phone belonged to someone else, but that is not the duty of this Court when reviewing a DHO's decision to revoke good time credits. *See Lang*, 529 F. App'x at 123. Accordingly, the Court will deny the Petition.

## IV.    CONCLUSION

For the foregoing reasons, Court will deny the Petition. An appropriate Order follows.

DATED: May 21, 2020                                            s/Robert B. Kugler
                                                                                                         ROBERT B. KUGLER
                                                                                                         United States District Judge